1

2          UNITED STATES DISTRICT COURT

3        FOR THE EASTERN DISTRICT OF MICHIGAN

4

5    MOHAMMED NAKRAWALA and
     SABA MUNSHEY
6    2850 Mangin Crescent                    Case No.: 1:15-CV-01722
7    Windsor, Ontario N9E 4K7
     Canada
8
                                             COMPLAINT
9              Plaintiffs,

10        vs.

11   NINA MARIA FITE, United States
     Consul General in Montreal
12   1155 St. Alexandre Street
     Montreal, Quebec H3B 3Z1
13   Canada
14
15             Defendant.

16

17

18

19

20

21

22

23

24

25

## DESCRIPTION OF ACTION

1. This is an action brought by plaintiffs, MOHAMMED NAKRAWALA and SABA MUNSHEY, against the defendant NINA MARIA FITE to compel a decision on issuance of an immigrant visa which has been pending with the U.S. Consulate-General of Montreal, Canada since at least March 2, 2010.

## JURISDICTION

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiff, MOHAMMAD NAKRAWALA, is a citizen of Canada, living in Canada at 2850 Mangin Crescent, Windsor, Ontario N9E 4K7.

4. The plaintiff, SABA MUNSHEY, is a citizen of the United States, residing at 2850 Mangin Crescent, Windsor, Ontario N9E 4K7.

5. The Defendant is the Consul General at the U.S. Embassy in Montreal, Canada, NINA MARIA FITE, and as such has the authority to issue visas. She resides for official purposes in the District of Colombia.

## BRIEF STATEMENT OF RELEVANT FACTS

6. On August 21, 2008, SABA MUNSHEY filed an I-130 Petition for Alien Relative for her husband MOHAMMAD NAKRAWALA under Section 201(B)(2)(A)(i) of the Immigration and Nationality Act (INA) as it relates to the spouse of a U.S. citizen.

7. On August 26, 2009, an I-797 Notice of Action Approval Notice was issued to Petitioner SABA MUNSHEY for Beneficiary MOHAMMAD NAKRAWALA for the I-130. See attached Exhibit A.

8. On March 2, 2010, MOHAMMAD NAKRAWALA brought his medical record and was interviewed at the U.S. Embassy in Montreal, Canada regarding his application for an immigrant visa and was asked to provide additional documents. He did so.

9. On March 2, 2010 MOHAMMAD NAKRAWALA was issued a Refusal Worksheet from the Foreign Service of the Unites States of America, stating:

> Section 221(g) which prohibits the issuance of a visa to anyone whose application does not comply with the provisions of the Immigration and Nationality Act or regulations issued pursuant thereto. The following remarks apply in your case:*
> Administrative Processing
> 2008 US Taxes
> Petitioner Domicile and Passport Cover Page Copy.
>
> Other: 12 x 15 express post envelope

See attached Exhibit B.

10. Starting in 2011, U.S. Senator Carl Levin of Michigan has written to the U.S. Consulate General in Montreal, Canada and was told the case is under administrative processing.

11. On January 23, 2013, Senator Levin's office was informed by the U.S. Consulate in Montreal that administrative processing was completed and requested that MOHAMMAD NAKRAWALA send his current passport along with an updated visa application, new medical, new police clearance, and updated affidavit of support documents. See attached Exhibit C. He did so.

12. On March 22, 2013, MOHAMMAD NAKRAWALA's passport was returned to him with a letter stating: "Necessary administrative processing in your case is not yet complete. When this processing is complete, we will contact you to continue your case. Please keep your passport, we will request it once the administrative processing is complete."

13. On March 25, 2013, MOHAMMAD NAKRAWALA received an email response to his March 22, 2013 inquiry from the Immigrant Visa Unit in Montreal stating:

> We regret to inform you that by the time we receive [sic] all the updated items, additional administrative processing was required before we could continue processing the immigrant visa.

Please be assured that we are on continuous lookout for your case and we will contact you as soon as we can issue your visa.

See attached Exhibit D.

14. Nevertheless, MOHAMMAD NAKRAWALA has yet to receive a decision on his application for an immigrant visa which has now pending for over five (5) years.

## COUNT I

THE CONSULATE GENERAL HAS FAILED TO ADJUDICATE WITHIN A REASONABLE PERIOD OF TIME AND OUGHT TO BE COMPELLED TO MAKE A DECISION

15. The Consul General of the U.S. Consulate in Montreal, Canada, NINA MARIA FITE, is an officer of the United States Department of State.

16. The Consul General of the U.S. Consulate in Montreal, Canada, NINA MARIA FITE, owes a duty to the Plaintiffs to make a decision regarding MOHAMMAD NAKRAWALA's immigrant visa application within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter

presented to it.").

17. The over five years in which this has been pending with the Consulate General of the U.S. Consulate in Montreal, Canada, and her predecessors, is well beyond the time which is reasonably required to adjudicate it.

18. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiffs.

19. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

20. The Ninth Circuit found in *Patel v. Reno* that consulates may be sued for mandamus.

> A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."
>
> 134 F.3d 929 (9th Cir. 1997)

## RELIEF REQUESTED

21. WHEREFORE it is respectfully requested that the Court find that an adjudication of MOHAMMAD NAKRAWALA's application for a visa unreasonably delayed and compel Defendant, the Consul General of the U.S. Consulate in Montreal, Canada, NINA MARIA FITE, to adjudicate the

Plaintiff's application for a visa in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 19th day of October, 2015

                s/ Michele R. Redburn
                Michele R. Redburn (P69915)
                Attorney for Plaintiffs
                314 Town Center Drive
                Troy, MI 48084
                (248) 524-1936
                E: michele@piston.net